# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JEAN BARRETT and <br> JANE BARRETT, <br>       Plaintiff, <br> v. <br> LIBERTY INSURANCE CORPORATION, <br>       Defendant. | Case No. 19-CV-0129-CVE-FHM |

## OPINION AND ORDER

Now before the Court are Plaintiffs Jean Barrett and Jane Barrett's Motion to Remand and Combined Brief in Support (Dkt. # 21) and Plaintiff's Motion to Stay Proceedings and Combined Brief (Dkt. # 22). Plaintiffs Jean Barrett and Jane Barrett ask the Court to remand the case to state court, because the case did not become removable when a non-diverse defendant was dismissed by the state court. Defendant Liberty Insurance Corporation (Liberty) responds that the non-diverse defendant, Gregory Campbell, was fraudulently joined as a party, and it filed a notice of removal within 30 days of the state court's order dismissing Campbell from the case.

On September 19, 2018, plaintiffs filed this case in Tulsa County District Court alleging claims of breach of contract against Liberty Mutual Insurance Company as to two separate insurance policies. Dkt. # 2-2. Plaintiffs allege that they have a homeowner's insurance policy on their primary residence, and they claim that defendant wrongfully denied a water damage claim. Plaintiffs also have an insurance policy on a rental property, and they allege that defendant should have paid a hail damage claim submitted under the insurance policy. Plaintiffs further allege that defendant acted in bad faith by denying both of these claims. Plaintiffs also asserted a claim against Campbell,

their insurance agent, for negligently procuring insurance that would not meet their needs and for failing to explain the insurance policies to them in sufficient detail.

Campbell filed a motion to dismiss (Dkt. # 2-8) on the ground that Oklahoma law does not recognize a claim for negligent procurement of insurance against an agent who sold the insurance policy. Defendant Liberty Mutual Insurance Company filed a motion to dismiss alleging that it did not issue either of the insurance policies at issue and plaintiff had not named the correct entity as a defendant.[1] Dkt. # 2-9. Plaintiffs filed a response (Dkt. # 2-12) in objection to Campbell's motion to dismiss, but the response cited no legal authority suggesting that Oklahoma courts had adopted a claim of negligent procurement of insurance. In fact, plaintiffs acknowledged that the Oklahoma Court of Civil Appeals had found that an insurance agent had no duty to advise an insured about the coverage of an insurance policy in light of the insured's possible needs. Dkt. # 2-12, at 10-12.

On March 7, 2019, the state court entered an order granting Campbell's motion to dismiss. Dkt. # 2-1, at 8. Liberty is incorporated under the laws of Massachusetts and has its principal place of business in Boston, Massachusetts, and Campbell is a citizen of Oklahoma. Plaintiffs are citizens of Oklahoma for the purpose of diversity jurisdiction, and they seek damages in excess of $75,000. On March 8, 2019, Liberty filed a notice of removal (Dkt. # 2) stating that the case had become subject to removal following the dismissal of Campbell.

Removal to federal court is possible for "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28. U.S.C. § 1441(a). District courts have "original jurisdiction of all civil actions where the matter in controversy exceeds . . .

---

[1] Plaintiffs were permitted to substitute Liberty Insurance Corporation as the defendant, and Liberty Mutual Insurance Company was terminated as a party. Dkt. # 2-1, at 6.

$75,000, exclusive of interest and costs, and is between . . . citizens of different [s]tates." 28 U.S.C. § 1332(a). Under § 1332, a party must show that complete diversity of citizenship exists between the adverse parties. Symes v. Harris, 472 F.3d 754, 758 (10th Cir. 2006). The amount in controversy can be established by a plaintiff's allegation that the amount in controversy exceeds $75,000, or the defendant may come forward with evidence of jurisdictional facts supporting a conclusion that the amount in controversy exceeds $75,000. McPhail v. Deere & Co., 529 F.3d 947, 954 (10th Cir. 2008). Where a defendant chooses to exercise the right of removal, it must file a notice of removal "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . [or] after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b). "[G]iven the limited scope of federal jurisdiction, there is a presumption against removal, and courts must deny such jurisdiction if not affirmatively apparent on the record." Okla. Farm Bureau Mut. Ins. Co. v. JSSJ Corp., 149 F. App'x 775, 778 (10th Cir. 2005).[2]

Plaintiffs ask the Court to remand the case based on the "voluntary/involuntary doctrine," because plaintiffs did not voluntarily dismiss Campbell from the case and the case did not become removable due to his involuntary dismissal by order of the state court. Dkt. # 21, at 3. Plaintiffs cite DeBry v. Transamerica Corp., 601 F.2d 480 (10th Cir. 1979), in which the Tenth Circuit Court of Appeals explained the origin of the voluntary/involuntary rule concerning removal of a case from

---

[2] This and all other unpublished decisions are not precedential, but are cited for their persuasive value. See Fed. R. App. 32.1; 10th Cir. R. 32.1.

3

state court. This rule is based on two decisions by the United States Supreme Court dating back to 1898 and 1900. In Powers v. Chesapeake & Ohio Ry, 169 U.S. 92 (1898), the Supreme Court found that a case could be removed to federal court after a plaintiff voluntarily discontinued the action as to any non-diverse defendants. However, in Whitcomb v. Smithson, 175 U.S. 635 (1900), the Supreme Court determined that a case did not become removable after a directed verdict was entered against a non-diverse defendant, because this was an adverse ruling on the merits to which the plaintiff did not consent. Although there were few cases applying the voluntary/involuntary rule, the Tenth Circuit stated that the "general effect of the test is that a cause cannot be removed where the removability is the result of some development other than a voluntary act of plaintiff." DeBry, 601 F.2d at 488. In DeBry, the plaintiff's voluntary act of amending the complaint gave rise to the existence of diversity jurisdiction, and the Tenth Circuit concluded that removal was proper. Id. The Tenth Circuit has not subsequently had an opportunity to apply the voluntary/involuntary rule, but district courts in the Tenth Circuit have consistently applied the rule to remand cases to state court. Sanford v. Allstate Ins. Co., 2009 WL 3401180 (D. Colo. Oct. 21, 2009); Littell v. Allstate Ins. Co., 2003 WL 27385093 (D.N.M. July 30, 2003); Engler v. Rapid-American Corp., 1996 WL 772526 (D. Kan. Nov. 26, 1996); Todd Holding Co., Inc. v. Super Valu Stores, Inc., 744 F. Supp. 1025 (D. Colo. 1990).

  The parties do not dispute that Campbell was dismissed by a state court ruling, rather than a voluntary act of plaintiffs, and the voluntary/involuntary rule appears to prevent Liberty from removing the case to federal court. Liberty argues that fraudulent joinder is an exception to the voluntary/involuntary rule and the case was properly removed. Dkt. # 26. This exception to the voluntary/involuntary rule is suggested in a footnote in DeBry in which the Tenth Circuit suggests

4

that deliberate forum manipulation by the plaintiff might allow for the removal a case to federal court. DeBry, 601 F.2d at 487 n.3. Other courts have more explicitly found that fraudulent joinder is an exception to the voluntary/involuntary rule. Crockett v. R.J. Reynolds Tobacco Co., 436 F.3d 529 (5th Cir. 2006); Insinga v. LaBella, 845 F.2d 249, 254 (11th Cir. 1988).

Fraudulent joinder is a recognized exception to the voluntary/involuntary rule, but Liberty must still show that it timely filed a notice of removal. Several courts have noted that the fraudulent joinder exception does not eliminate the requirement to timely remove a case to federal court, and fraudulent joinder can ordinarily be discerned on the face of the plaintiff's state court pleading. Goldenberg v. Macys West Stores, Inc., 2018 WL 4471097 (C.D. Cal. Sep. 17, 2018); Deming v. Nationwide Mut. Ins. Co., 2004 WL 332741 (D. Conn. Feb. 14, 2004); Poulos v. Naas Foods, Inc., 959 F. 2d 69, 73 n.4 (7th Cir. 1992). Liberty argues that it could not have removed the case to federal court until the state court entered an order dismissing Campbell as a party, and its notice of removal was filed within 30 days of entry of the state court's order. Dkt. # 26, at 9-11. Liberty claims that the case was not removable on the face of plaintiffs' state court petition, because Campbell was named as a defendant and the parties were not completely diverse. Id. at 9. However, Liberty also argues that Campbell was fraudulently joined as a party, and this seems to contradict its argument that complete diversity did not exist until Campbell was dismissed from the case. Fraudulent joinder is a doctrine that allows a federal district court to disregard the citizenship of a non-diverse defense, because the non-diverse party was joined in bad faith and the plaintiff had "no real connection with the controversy." Bank of America v. Barnard, 2018 WL 6517450 (N.D. Okla. Dec. 11, 2018) (citing Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921)). The right to remove on grounds of fraudulent joinder arises when it becomes apparent that the party was

5

fraudulently joined, and a case should ordinarily be removed by defendant on the ground of fraudulent joinder within 30 days of receiving service of the plaintiff's state court pleading. Hopkins v. State Auto Ins. Co., 2008 WL 4379585 (W.D. Okla. Sep. 23, 2008). In this case, plaintiffs' state court petition put Liberty on notice of the basis for Campbell's alleged liability to plaintiffs, and Liberty could have removed the case to federal court on the ground of fraudulent joinder when it was served with a copy of the petition. It was not necessary for Liberty to wait for a state court ruling on Campbell's motion to dismiss, because it had all of the information necessary to raise the issue of fraudulent joinder in its notice of removal. Liberty's notice of removal was not filed with 30 days of receiving service of the petition, and the case should be remanded to state court.[3]

**IT IS THEREFORE ORDERED** that Plaintiffs Jean and Jane Barrett's Motion to Remand and Combined Brief in Support (Dkt. # 21) is **granted**. The Court Clerk is directed to remand this case to Tulsa County District Court.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Stay Proceedings and Combined Brief (Dkt. # 22) is **moot**.

**DATED** this 17th day of May, 2019.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

---

[3] Plaintiffs ask for an award of attorney fees under 28 U.S.C. § 1447(c), because Liberty had no objectively reasonable basis to remove the case to federal court. Dkt. # 21, at 7. Although the Court has concluded that the case should be remanded, the Court does not find that Liberty's attempt to remove the case to federal court was objectively unreasonable. The Court has not had to reach the issue of whether Campbell was fraudulently joined, but this would have been a close question and it is certainly possible the Court would have retained jurisdiction over the case if the notice of removal had been timely filed.